IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY JEAN CISERO, | ) | |
| | ) | |
| Claimant, | ) | No. 14 C 8419 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Dorothy Jean Cisero ("Claimant") seeks review of the final decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner"), denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 8.] The parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. [ECF Nos. 14, 21.] For the reasons stated below, Claimant's Motion for Summary Judgment is granted, and the Commissioner's Motion is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

On May 18, 2011, Claimant filed an application for DIB, alleging a disability onset date of January 21, 2009. (R. 136.) Claimant's Date Last Insured ("DLI") was March 31, 2010. (R. 122). The claim initially was denied on July 28, 2011, and upon reconsideration on January 11, 2012. (R. 138, 144.) On March 12, 2012, Claimant requested a hearing before an Administrative

Law Judge (the "ALJ"). (R. 150.) The hearings were held on May 16, 2013, December 20, 2013, and April 21, 2014. (R. 33, 86, 113.) At the hearings, Claimant, who was represented by counsel, appeared and testified. (*Id.*) A vocational expert (the "VE") and a medical expert ("ME") also appeared and testified at the hearings. (R. 35, 88, 115.) At the December 20, 2013 and April 21, 2014 hearings, the ME testified by phone. (R. 35, 88.)

On June 4, 2014, the ALJ issued a written decision. (R. 18-27.) In the decision, the ALJ went through the five-step sequential evaluation process and ultimately found Claimant not disabled under the Act. (R. 27). At step one, the ALJ found Claimant had not engaged in substantial gainful activity ("SGA") from January 21, 2009 through her DLI of March 31, 2010. (R.20). At step two, the ALJ found Claimant had the severe impairments of diabetes mellitus, hypothyroidism, hypertension, chronic anemia, and osteoarthritis of the knees. (R. 20). At step three, the ALJ found Claimant did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 20.)

Before step four, the ALJ found Claimant had the residual functional capacity ("RFC") to do light work. (R. 22.) The ALJ determined that Claimant could lift or carry twenty pounds occasionally and ten pounds frequently. (*Id.*) Claimant could also stand or walk for six hours and sit for six hours in an 8-hour workday, and she could occasionally climb ramps and stairs but could never climb ladders, ropes, or scaffolds. (*Id.*) Further, Claimant could only occasionally crouch, balance, crawl, stoop, or kneel. *Id.* At step four, the ALJ determined that Claimant had no past relevant work. (R. 26.) Finally, at step five, the ALJ found there were jobs that existed in significant numbers in the national economy that Claimant could perform. (*Id.*) Specifically, the ALJ found Claimant could work as a hand packer, assembler, and sorter. (R. 27.)

Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R.27.) On July 10, 2014, Claimant sought review of the ALJ's decision. (R. 12.) On August 29, 2014, the Social Security Appeals Council denied Claimant's request for review, and the ALJ's decision became the final decision of the Commissioner. (R. 1); *see also Nelms*, 553 F.3d at 1097. Claimant now seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the district court will not uphold the ALJ's findings if the ALJ did not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard is

deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). However, the court may not "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited in deterring whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms*, 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## III. ANALYSIS

Claimant asserts that the ALJ made four errors. First, Claimant argues that the ALJ mechanically applied the age categories in a borderline situation. Second, she contends that the ALJ erred in his evaluation of Claimant's credibility under SSR 96-7p. Third, Claimant argues that the ALJ failed to consider the combined impact of her impairments. Fourth, she argues that the ALJ failed to consider the limitations caused by her anemia. For the reasons discussed below, the Court agrees with Claimant that the ALJ erred in mechanically applying the age categories in a borderline situation. Because the ALJ erred in mechanically applying the age categories and remand is required, the Court need not address Claimant's remaining arguments.

### A. Claimant Satisfies The Requirements Of A Borderline Age Situation

Claimant asserts that the ALJ erred by mechanically applying the age categories in a borderline situation in contravention of 20 C.F.R. § 404.1563. In the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), the Social Security Administration ("the Administration") defines a borderline age situation as a scenario in which (1) a claimant's age is within a few days to a few months of the next higher age category, and (2) the higher age category results in a

decision of "disabled" instead of "not disabled." HALLEX I-2-2-42. As of her DLI, Claimant was 54 years old, and she was only 68 days away from her 55th birthday. (R. 26.) Claimant, therefore, satisfies the first prong of the HALLEX borderline age test.

The ALJ categorized Claimant in the "closely approaching advanced age" category, which the Administration defines as an individual age 50 to 54. 20 C.F.R. § 404.1563. The ALJ determined that Claimant had no relevant work experience, had limited education and was limited to light work. The ALJ, therefore, deemed Claimant "not disabled" pursuant to Rule 202.10 of 20 C.F.R. Part 404, Subpart P, Appendix 2. If the ALJ had categorized Claimant as a person of "advanced age," however, which the Administration defines as a person age 55 or older, Claimant would have met the requirements of the "disabled" categorization pursuant to Rule 202.01 of 20 C.F.R. Part 404, Subpart P, Appendix 2. Claimant, therefore, satisfies the second prong of the HALLEX borderline age test.

**B. The ALJ Erred By Not Addressing Expressly Claimant's Borderline Age**

In the event of a borderline age situation, the Administration states that it "will not apply the age categories mechanically." 20 C.F.R. § 404.1563(b)(1). When a claimant is within a few days to a few months of reaching a higher age category and the higher category would result in a determination that the claimant is disabled, the Administration states that it "will consider whether to use the older age category after evaluating the overall impact of all the factors" of a claimant's case. *Id.*

The HALLEX procedures in force at the time of the ALJ's decision in this case provide that an ALJ "need not explain his or her use of the claimant's chronological age." HALLEX II-5-3-2. The Seventh Circuit, however, requires an ALJ to build a "logical bridge from the evidence to the conclusion." *Berger,* 516 F.3d at 544; *see also Steele v. Barnhart,* 290 F.3d 936, 940 (7th

5

Cir. 2002) (holding that when "the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded").

While the Seventh Circuit has not held specifically that an ALJ must explain his or her consideration of a borderline age situation, this Court is persuaded by the decisions of district courts in this Circuit that have established such a rule by applying the logical bridge requirement to age categorizations. *See Figueroa v. Astrue,* 848 F. Supp. 2d 894, 899-900 (N.D. Ill. 2012) (holding that the absence of a "statement by the ALJ from which it can be determined that she even considered which category was the appropriate one in which to place the plaintiff . . . alone requires remand," as such an absence makes it "impossible for there to be meaningful review of the age category determination"); *Freundt v. Massanari,* No. 00 C 4456 2001 WL 1356146, at *19 (N.D. Ill. Nov. 2, 2001) (holding that it is "the Commissioner's burden . . . to discuss the borderline age issue whenever the claimant is within a few days or months of the next age category and the advance to the next category would change the outcome").

In this case, the ALJ does not indicate whether he identified Claimant's borderline age or whether he considered categorizing Claimant as a person of "advanced age." Without any acknowledgement of Claimant's borderline age or further discussion of Claimant's appropriate age categorization, the ALJ simply stated that "[t]he claimant was born on June 7, 1955 and was 54 years old, which is defined as an individual closely approaching advanced age, on the date last insured." (R. 26.) This is not enough in a borderline situation. The ALJ failed to develop the requisite logical bridge and failed to provide sufficient explanation to support his conclusion that Claimant is a person "closely approaching advanced age" and not a person of "advanced age." Without some discussion of Claimant's age categorization, it is impossible for the Court to determine whether the ALJ complied with the provision of 20 C.F.R. § 404.1563(b) that the age

categories will not be applied mechanically in a borderline situation. *Figueroa,* 848 F. Supp. 2d at 900. Accordingly, the Court is unable to engage in a meaningful review of the ALJ's decision, and remand is required.

A recent revision of HALLEX that occurred after the ALJ's decision in this case bolsters the Court's conclusion. On March 25, 2016, Transmittal I-2-169 replaced HALLEX II-5-3-2 with HALLEX I-2-2-42. HALLEX now stipulates that the "ALJ will explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered." HALLEX I-2-2-42. Because the Court is remanding this case as the result of the ALJ's failure to explain his reasons for Claimant's age categorization, the Court need not reach the issue of whether HALLEX is binding retroactively. The Court simply notes that both parties acknowledge in their briefs the authority of HALLEX as an indication of the Administration's internal procedures, and the revisions to HALLEX reinforce the necessity of remanding this for further consideration and explanation of Claimant's borderline age situation. On remand, the ALJ also should clarify the assessment of Claimant's credibility and the impact of Claimant's other impairments, as appropriate.

## IV. CONCLUSION

For the reasons stated in the Court's Memorandum Opinion and Order, Claimant's Motion for Summary Judgment [ECF No. 14] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 21] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 24, 2016